J-S03003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID JACKSON, | |
| Appellant | No. 2954 EDA 2017 |

Appeal from the PCRA Order Entered August 22, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0118091-1977

BEFORE:  BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED APRIL 03, 2019**

Appellant, David Jackson, appeals *pro se* from the post-conviction court's August 22, 2017 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The facts underlying Appellant's conviction are not relevant to his present appeal.  We need only note that on April 25, 1977, he pled guilty to second-degree murder, robbery, and related offenses.  That same day, the court sentenced Appellant to a mandatory term of life imprisonment, without the possibility of parole, as well as a concurrent term of 10 to 20 years' incarceration for robbery.

On January 15, 1997, Appellant filed his first, *pro se* PCRA petition.  That petition was denied by the PCRA court, and we affirmed on appeal.

*Commonwealth v. Jackson*, No. 1895 EDA 2001, unpublished memorandum (Pa. Super. filed Aug. 7, 2002).

On August 23, 2012, Appellant filed his second, *pro se* PCRA petition, which underlies the present appeal. Appellant filed an amended petition on March 25, 2016. On May 24, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. While Appellant filed a response to the Rule 907 notice, the court entered an order dismissing his petition on August 22, 2017.

Appellant filed a timely, *pro se* notice of appeal. Herein, he states three issues for our review:

> [I.] Did the PCRA court err in rejecting Appellant's claim that *Miller v. Alabama's*[1] constitutional requirement of consideration of age[-]related factors prior to imposing life without parole sentences applies to [Appellant] who was considered a child under [Pennsylvania] law and possessed those characteristics of youth identified as constitutionally significant for sentencing purposes by the U.S. Supreme Court?
>
> [II.] Did the PCRA court err in rejecting Appellant's claim that Pennsylvania law permitting mandatory sentences of life without parole for crimes committed by 18 [y]ear olds lack[s] a rational[] basis given *Miller's* prohibition against such sentences for offenders aged 17 and younger and therefore violates the Equal Protection Clauses of the Pennsylvania and U.S. Constitutions?
>
> [III.] Did the court err when it did[ not] consider [Appellant's] claim that: "Any life without parole sentence for a teen deemed 'developing adolescence' convicted of second[-]degree … murder[] is inconsistent with adolescent development and neuroscience research and unconstitutional pursuant to *Miller* and *Graham v. Florida*[, 560 U.S. 48 (2010)]?

---

[1] *Miller v. Alabama*, 567 U.S. 460 (2012).

Appellant's Brief at iii.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time

> period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, at the time Appellant's petition was filed, section 9545(b)(2) required that any petition attempting to invoke one of these exceptions "be filed within sixty days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[2]

Here, Appellant's judgment of sentence became final in 1997, making his present petition, filed in 2012, patently untimely. Consequently, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth above.

In this regard, Appellant insists that he meets the new constitutional rule exception of section 9545(b)(1)(iii) based on the rationale of **Miller**, in which the United States Supreme Court held that "mandatory life without parole for those *under the age of 18* at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments." **Miller**, 567 U.S. at 465 (emphasis added). In **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), the High Court held that **Miller** created a new substantive right that applies retroactively in cases on state collateral review. **Montgomery**, 136 S.Ct. at 736. While Appellant acknowledges that he was 18 years old at the time he committed the murder for which his mandatory, life-without-

---

[2] A recent amendment to section 9545(b)(2), which became effective on December 24, 2018, changed the language to require that a petition "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

- 4 -

parole sentence was imposed, he argues that the rationale expressed in **Miller** must be applied to him under equal protection principles. More specifically, Appellant contends "that considering the science and social science that the Court validated and used to decide **Miller**, that he at the age of 18 years, one month and 7 days old, under the Equal Protection Clause of the U.S. and Pennsylvania[] Constitutions, should receive a mitigated hearing for resentencing just as the adolescent who [is] 17 [and] 364 days would." **Id.** at 2.

Unfortunately for Appellant, our Court recently rejected the same equal-protection argument that Appellant presents herein. More specifically,

> [i]n **Commonwealth v. Montgomery**, [181 A.3d 359 (Pa. Super. 2018) (*en banc*) (hereinafter, "**Commonwealth v. Montgomery**"), the] petitioner, who was 22 years old at the time he committed murder, for which he was sentenced to life imprisonment without the possibility of parole, argued that his brain was not fully developed. [The] [p]etitioner contended that he satisfied the new constitutional rule exception to the PCRA time-bar because he was entitled to relief under **Miller**, made retroactive by [the United States Supreme Court's decision in] **Montgomery**. We disagreed, holding that [the] petitioner failed to show that the new constitutional rule extended to individuals who had committed homicides after they reached the age of 18. **Commonwealth v. Montgomery**, 181 A.3d at 366. Relying on [**Commonwealth v.**] **Furgess**[, 149 A.3d 90 (Pa. Super. 2016),] and [**Commonwealth v.**] **Cintora**, [69 A.3d 759 (Pa. Super. 2013),] this Court held that simply contending that a newly-recognized constitutional right should be extended to others does not satisfy the new constitutional rule exception to the PCRA's timeliness requirement. **Commonwealth v. Montgomery**, 181 A.3d at 366 (citing **Furgess**, 149 A.3d at 94, and **Cintora**, 69 A.3d at 764). We also found meritless [the] petitioner's argument that **Furgess** was distinguishable. We stated:

> [The petitioner] argues that **Furgess** is distinguishable from the case at bar because in **Furgess** the petitioner only raised a claim under the Eighth Amendment while he also raises a claim under the Fourteenth Amendment's Equal Protection Clause. This argument, however, is misplaced. *Neither the Supreme Court of the United States nor our Supreme Court has held that **Miller** announced a new rule under the Equal Protection Clause. Instead, **Miller** only announced a new rule with respect to the Eighth Amendment. Thus, contrary to [the] [petitioner's] assertion, his Equal Protection Clause argument is also an attempt to extend **Miller's** holding.*

> **Commonwealth v. Montgomery**, 181 A.3d at 366 (emphasis added). Notably, we declined [the] petitioner's invitation to overturn **Furgess**, stating that "the three-judge panel's analysis is correct[.]" **Id.** at 367.

**Commonwealth v. Lee**, --- A.3d ---, 2019 PA Super 64 (Mar. 1, 2019) (footnotes omitted, some brackets added and some added in **Lee**).

Additionally, in **Lee**, an *en banc* panel of this Court again held that numerical age is the sole factor in determining whether **Miller** applies, and **Miller's** rationale cannot be extended to those 18 and over at the time of their crimes "[u]ntil the United States Supreme Court or the Pennsylvania Supreme Court recognizes a new constitutional right in a non-juvenile offender…." **Id.** at *9. Consequently, we are bound by this precedent to conclude that Appellant cannot rely on **Miller** to meet the timeliness exception of section 9545(b)(1)(iii). Thus, the PCRA court properly denied his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/3/19